NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff - Appellee,  v.  ERIC RAMIREZ NEBREJA,  Defendant - Appellant. | No. 24-3244  D.C. No. 3:14-cr-00104-SLG-MMS-1  MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Court Judge, Presiding

Argued and Submitted May 23, 2025
San Francisco, California

Before: BERZON, FRIEDLAND, and MENDOZA, Circuit Judges.

Defendant Eric Ramirez Nebreja appeals the revocation of his term of supervised release. We affirm.

**1.** The district court determined after reviewing the video of the assault and robbery that the male assailant depicted was Nebreja. The probation officer who had supervised Nebreja since before the assault also identified Nebreja as the assailant.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

There was therefore sufficient evidence from which a rational judge could conclude that Nebreja was the male assailant depicted in the footage.

**2.** Sufficient evidence also supports the district court's conclusion that two identified victims experienced "serious physical injury" as defined by Alaska Statute Section 11.81.900(b)(59) (2019). The female victim's nose was broken and required significant reconstructive and plastic surgery. *See Olson v. State*, 264 P.3d 600, 605–06 (Alaska Ct. App. 2011). A rational judge could have concluded from the need for significant reconstructive surgery that her nose was disfigured for some time after the surgery, and therefore that she experienced "serious and protracted disfigurement." Alaska Stat. § 11.81.900(b)(59)(B) (2019).

Sufficient evidence also supports the district court's conclusion that the identified male victim's concussion was a "serious physical injury." Based on the testimony that the concussion symptoms lasted for "several months after the assault," a rational judge could determine that the impairment of the victim's brain function was "protracted."

The district court misstated the evidence in suggesting that this second victim's injury was "a result of the head stomping that . . . Nebreja inflicted upon him." But the factual error in that regard was harmless, as Nebreja did punch this victim in the face. Any error as to how the concussion came about did not affect the district court's conclusion that the bodily impairment caused by Nebreja was serious.

**3.** As Nebreja concedes that the two identified victims' injuries were caused by "punches to the face," and as there was sufficient evidence to conclude that the two victims experienced serious physical injury, the district court did not err in concluding that Nebreja used his hands as a dangerous instrument under Alaska law. *See Konrad v. State*, 763 P.2d 1369, 1374 (Alaska Ct. App. 1988).

**4.** Sufficient evidence supports the district court's conclusion that Nebreja "knowingly engage[d] in conduct that result[ed] in serious physical injury to another under circumstances manifesting extreme indifference to the value of human life" and therefore committed first degree assault. Alaska Stat. § 11.41.200(a)(3). As noted, sufficient evidence supports the district court's conclusion that Nebreja's conduct caused serious physical injuries to the two identified victims. Nebreja does not challenge the district court's finding that he inflicted these injuries intentionally. A rational judge could have concluded that Nebreja's intentional infliction of multiple serious physical injuries demonstrated extreme indifference to the value of human life. *See Jeffries v. State*, 169 P.3d 913, 917 (Alaska 2007) (explaining that "extreme indifference to the value of human life" can be demonstrated where "the objective risk of . . . serious physical injury posed by the defendant's actions is 'very high'"); Alaska Stat. § 11.81.610 ("If acting recklessly suffices to establish an element, that element also is established if a person acts intentionally or

knowingly."). The district court therefore did not clearly err in concluding that Nebreja committed first degree assault under Section 11.41.200(a)(3).

\* \* \*

For the foregoing reasons, the district court did not clearly err in concluding that Nebreja was the male assailant, that he caused serious physical injuries, that he used his hands as dangerous instruments, and that the circumstances of the assault manifested extreme indifference to the value of human life. The district court therefore did not abuse its discretion in revoking Nebreja's supervised release term.

**AFFIRMED.**

24-3244